Case 2:05-cv-00160-AAA-JEG   Document 16   Filed 03/14/06   Page 1 of 4

U.S. DISTRICT COURT
Southern District of Georgia
Filed in Office
10:12 A.M.
3-14 20 06
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSEPH JACKSON, )
)
    Petitioner, )
)
v. ) CIVIL ACTION NO.: CV205-160
)
M. E. RAY, Warden, and )
THURBERT BAKER, )
Attorney General, )
)
    Respondents. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Joseph Jackson ("Jackson"), an inmate currently incarcerated at the Federal Correctional Institution Elkton in Lisbon, Ohio, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction obtained in the Superior Court of Glynn County. Respondent[1] filed an Answer-Response and a Motion to Dismiss. Jackson has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Jackson pleaded guilty in Glynn County Superior Court to one count of reckless conduct on July 18, 1994. Jackson was sentenced to 12 months' probation. He did not file an appeal. Jackson filed a state habeas corpus petition in the Glynn County Superior

---

[1] Thurbert E. Baker, Attorney General for the State of Georgia, filed a Motion to Intervene in this action. This Motion was granted by Order dated October 28, 2005.

AO 72A
(Rev. 8/82)

Court on June 19, 2000, challenging his 1994 conviction. The state habeas corpus court conducted an evidentiary hearing and denied Jackson's requested relief on November 29, 2001. The Georgia Supreme Court denied Jackson's application for a certificate of probable cause to appeal on September 15, 2004. (Resp't's Ex. 4.) Jackson filed the instant petition on July 19, 2005. Respondent seeks dismissal of Jackson's petition as untimely filed.

## DISCUSSION AND CITATION OF AUTHORITY

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions. The amendment sets forth a one year statute of limitation within which prisoners must file their federal habeas petitions. 28 U.S.C. § 2244(d)(1). According to the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

AO 72A
(Rev. 8/82)

It is undisputed that the AEDPA applies to this section 2254 petition, as Jackson filed it on July 19, 2005, more than nine (9) years after the April 24, 1996, enactment of the AEDPA. Jackson's conviction became final at the time of his completion of the direct review process or at the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Jackson entered a guilty plea in the Glynn County Superior Court on July 18, 1994; he did not file a direct appeal. Thus, his convictions became final on or about August 17, 1994. See O.C.G.A. § 5-6-38 (noting that a notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of). Petitions contesting events occurring prior to the enactment of the AEDPA should have been filed within one (1) year of its enactment, or by April 23, 1997, absent any tolling of the statute of limitation. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998).

Jackson did not file the instant petition until July 19, 2005, which is more than eleven (11) years after he pleaded guilty in the Glynn County Superior Court and over nine (9) years after the AEDPA was enacted. Jackson did not file a state habeas corpus petition until June 19, 2000, more than three (3) years after the period allowed for in Wilcox. The applicable statute of limitation was not tolled, and Jackson's petition was filed well outside of the one year statute of limitation available under 28 U.S.C. § 2244(d)(1). Accordingly, Jackson is not entitled to his requested relief.[2]

---

[2] The relevant statute of limitation in this Court is that pertaining to petitions for writ of habeas corpus filed pursuant to section 2254, not any statute of limitation applicable to habeas petitions filed in the Georgia courts.

AO 72A
(Rev. 8/82)

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 7) be **GRANTED**, and Jackson's petition, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED** as it was not timely filed.

**SO REPORTED** and **RECOMMENDED** this 14th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)