**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| JOSEPH JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV205-160 |
| | ) | |
| M. E. RAY, Warden, and | ) | |
| THURBERT BAKER, | ) | |
| Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |

## O R D E R

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed.   In his Objections, Jackson alleges that he had no reason to file a 28 U.S.C. § 2254 petition prior to obtaining a federal conviction because he had no federal sentence to challenge. Jackson contends that he was sentenced in federal court in 1998, and his 1994 Glynn County Superior Court conviction was used to enhance his federal sentence.   Jackson states that he "diligently sought documents from the state court" in an effort to file a state habeas petition in June 2000.  (Doc. No. 18, p. 2.)  Jackson alleges that the applicable statute of limitation did not begin to run until September 15, 2004, the date the Georgia Supreme Court denied his application for a certificate of probable cause to appeal. Jackson asserts that accepting the Magistrate Judge's recommendation would mean that

AO 72A
(Rev. 8/82)

he would be "obligated to act at a time when he had no real incentive for questioning the state conviction." (Doc. No. 18, p. 3.) Finally, Jackson alleges that Georgia law permitted him to "wait indefinitely before seeking reversal of his 1994 conviction." (Id.)

Jackson sets forth many unfounded allegations in his Objections.  First, if Jackson were contesting his federal sentence, the proper statute to challenge that sentence would be 28 U.S.C. § 2255, not § 2254.  Secondly, if Jackson's 1994 Glynn County Superior Court conviction were unconstitutionally obtained, he did not have to wait until he was sentenced in federal court to challenge that conviction.  Simply because this state court sentence was used to enhance his federal sentence does not mean that, by that fact, his state sentence was improper.   In other words, the enhancement of Jackson's federal sentence based on his previous state court conviction was not the catalyst to challenge that state court conviction.  If Jackson's state court conviction were unconstitutionally obtained, that event occurred in 1994 when he was convicted in state court, not in 1998 when he was sentenced in federal court.   Jackson is only attacking his state court conviction because it was used to enhance his federal sentence. Finally, although Georgia law may have permitted Jackson to "wait indefinitely" to file a state habeas corpus petition, federal law does not allow this practice. See Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (noting that petitions contesting events occurring prior to the enactment of the AEDPA should have been filed within one year of its enactment, absent any tolling of the statute of limitation).  A state petition "filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'"  Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)).

AO 72A
(Rev. 8/82)

The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Jackson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**. The Clerk is hereby authorized and directed to enter the appropriate Judgment of Dismissal.

**SO ORDERED**, this ____ day of _____, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3